UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CLORETTE ANCAR and
LEONARD JOSEPH ANCAR, JR.,                                                    PLAINTIFFS

v.                                                         CIVIL ACTION NO. 3:11-cv-595-DPJ-FKB

LEROY BROWN, JR. and
TNE TRUCKING, INC,                                                              DEFENDANTS

ORDER

This negligence action is before the Court on Defendants' Motion for Partial Summary Judgment [85]. The Court, having considered the memoranda and submissions of the parties, finds that Defendants' motion should be denied in part and granted in part.

I.      Facts and Procedural History

This case arises from a February 14, 2011, traffic accident on Interstate 20. The Plaintiffs, Clorette and Leonard Joseph Ancar, were traveling westbound on I-20. Defendant Leroy Brown was driving a tractor-trailer eastbound and veered off the road. He was driving under the operating authority of Defendant TNE Trucking, Inc. It is disputed whether Mr. Brown's truck traveled all the way across the median into the westbound lanes or stopped in the median when it struck a barrier there. Upon seeing Mr. Brown veer off the road, Mrs. Ancar, who was driving, swerved and struck the barrier in the median where the Ancars' car then stopped. The two vehicles never collided. According to deposition testimony of the responding officer, after the accident, Mr. Brown told the officer that he had fallen asleep before running off the road.

Plaintiffs allege that they both suffered injuries from the accident. Their amended complaint alleges claims of negligence, gross negligence, and recklessness against Defendant

Brown and against Defendant TNE Trucking on a theory of vicarious liability.  Plaintiffs seek compensatory and punitive damages.  Defendants filed the instant motion for partial summary judgment on Plaintiffs' claims for gross negligence, recklessness, and punitive damages against both defendants.

II.     Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . .

both parties have submitted evidence of contradictory facts." *Little*, at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.     Analysis

    A.     Gross Negligence, Recklessness, and Punitive Damages Against Defendant Brown

Defendants seek summary judgment on Plaintiffs' claims alleging gross negligence and recklessness and their request for punitive damages, arguing that the alleged conduct falls short of what is required for such an award.  "Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud."  Miss. Code Ann. § 11–1–65(1)(a).

"[A] plaintiff can recover punitive damages only if there is a demonstrated willful or malicious wrong or if there is gross, reckless disregard for the rights of others."  *Id*.  Put another way, "[p]unitive damages may be recovered not only for willful and intentional wrong, but for such gross and reckless negligence as is, in the eyes of the law, equivalent to willful wrong." *Choctaw Maid Farms, Inc. v. Hailey*, 822 So. 2d 911, 923 (Miss. 2002) (citation omitted). "[T]here is no right to an award of punitive damages and such damages are to be awarded only in extreme cases." *Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 79 (Miss. 2003) (citations and quotations omitted).  This is especially true in the automobile context where "the Mississippi Supreme Court has been '. . . extremely reticent to permit punitive damages . . . .'"  *Carter v.*

*Steve Cagle Trucking Co.*, No. 3:08-cv-270-HTW-LRA, 2010 WL 1141147, at *2 (S.D. Miss. Mar. 22, 2010) (quoting *Walker v. Smitty's Supply, Inc.*, No. 5:06cv30-DCB-JMR, 2008 WL 2487793, at *6 (S.D. Miss. May 8, 2008)).

Merely falling asleep at the wheel is generally not sufficient to warrant punitive damages. *See*, *e.g.*, *Bachrach v. Covenant Transp. Inc.*, No.10–00315–REJ, 2011 WL 1211767, at *1–2 (D. Ariz. Mar. 31, 2011) (rejecting punitive damages where driver fell asleep); *Batts v. Crete Carrier Corp.*, No. 1:09–CV–328–TWT, 2009 WL 6842545, at *2 (N.D. Ga. Dec. 14, 2009) ("[J]ust falling asleep at the wheel does not support an award of punitive damages.") (citing *Bartja v. Nat.'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 463 S.E.2d 358 (Ga. Ct. App. 1995) (affirming summary judgment in defendant tractor-trailer driver's favor on punitive damages and holding that "despite evidence the defendant had fallen asleep, there was no evidence of the requisite culpability required for punitive damages") (citation and quotation omitted)); *Turner v. Werner Enters., Inc.*, 442 F. Supp. 2d 384, 386–87 (E.D. Ky. 2006) (holding that plaintiff was not entitled to punitive damages against driver who fell asleep); *Burke v. Maassen*, 904 F.2d 178, 183 (3d Cir. 1990) (same).

But some courts have allowed punitive damages against drivers who fell asleep with other aggravating circumstances. *See*, *e.g.*, *Came v. Micou,* Civ. No. 04–1207, 2005 WL 1500978, at *5 (M.D. Pa. June 23, 2005) (denying summary judgment on punitive damages against commercial driver who fell asleep after allegedly violating six provisions of the Federal Motor Carrier Act including those requiring rest stops); *Briner v. Hyslop*, 337 N.W.2d 858 (Iowa 1983) (finding punitive damages were warranted where intoxicated driver fell asleep behind the wheel); *see also Keifer v. Reinhart Foodservice, LLC*, No. 09–1558, 2013 WL 2558004, at *22 (W.D.

Pa. June 11, 2013) (denying punitive damages against defendant driver for lack of evidence showing "subjective appreciation of the risk of harm caused by his actions").

There is no suggestion here that Brown was intoxicated or otherwise driving recklessly as in other cases.  But Plaintiffs have argued that Brown has a history of driving past the allowable hours and has a similar prior accident that gave him a subjective appreciation of the dangers associated with driving while fatigued.  Whether this is enough to instruct the jury on punitive damages remains to be seen and could depend in part on certain evidentiary issues regarding the driving history.  So while Plaintiffs face a heavy burden that they may ultimately fail to satisfy, the Court concludes that the issue should be carried to trial and decided after the liability phase concludes.

      B.      Punitive Damages Against Defendant TNE Trucking

Plaintiffs' response fails to address Defendants' argument for summary judgment on the claim for punitive damages against TNE Trucking, which otherwise appears meritorious.  *See Dawson v. Burnette*, 650 F. Supp. 2d 583, 586 n.1 (S.D. Miss. 2009) (finding that defendant "cannot be held vicariously liable for punitive damages on account of the conduct of its employee") (citation omitted).  They have therefore abandoned this claim.  *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond [the] complaint constituted abandonment.").  Defendants' motion is granted with respect to the claims for punitive damages against TNE Trucking.

---

IV.   Conclusion

The Court has considered all the arguments. Those not addressed would not have changed the result. For the foregoing reasons, Defendants' Motion for Partial Summary Judgment is denied with respect to the claim for punitive damages against Brown and granted with respect to the claim for punitive damages against TNE Trucking.

**SO ORDERED AND ADJUDGED** this the 2nd day of October, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE