UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLORETTE ANCAR and
LEONARD JOSEPH ANCAR, JR.,                                              PLAINTIFFS

v.                                                       CIVIL ACTION NO. 3:11-cv-595-DPJ-FKB

LEROY BROWN, JR. and
TNE TRUCKING, INC,                                                      DEFENDANTS

ORDER

This personal-injury case is before the Court on the parties' cross motions in limine [117 and 123], both of which were addressed during the pretrial conference.

I.      Standard

As summarized by the Fifth Circuit Court of Appeals:

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation omitted).

II.     Motions

        A.      Defendants' Motion in Limine [117]

Defendant Leroy Brown was operating a tractor-trailer in the course and scope of his employment with Defendant TNE Trucking, Inc., when it left the road.  Though the tractor contacted no other vehicles, it caused Plaintiff Clorette Ancar to lose control of and wreck her vehicle.  Defendants now seek to exclude certain evidence.

1. Driving, Training, and Other Records

Defendants having admitted liability seek to exclude Brown's driving, training, and other records. Plaintiffs respond that the records remain relevant to punitive damages. The Court concludes that all disputed records will be excluded during the liability phase of the case. Those records relevant to the punitive-damages claim against Brown will be admissible during the punitive-damages phase, but because the Court dismissed the punitive-damages claims against TNE Trucking, documents related to its fault will be excluded. At this stage, it is difficult to tell which documents relate exclusively to TNE Trucking, so the parties are instructed to raise the issue with the Court at the conclusion of the liability phase if necessary.

2. Documents Related to TNE Trucking

Defendants move to exclude evidence related to TNE Trucking's hiring practices and procedures, training practices, safety policies, safety history or rating, and records from the Federal Carrier Safety Administration. Plaintiffs respond that these documents are related to the punitive-damages claim. Because that claim was dismissed as to TNE Trucking, it appears that at least some of the referenced documents—like hiring practices—are not admissible even during the punitive phase. Others—like training policies—could be relevant to the punitive claim against Brown. This portion of the motion is therefore granted as to the liability stage. But as with the prior portion of the motion, it is difficult to tell which documents relate exclusively to TNE Trucking, so the parties are instructed to raise the issue with the Court at the conclusion of the liability phase if necessary.

3. Expert Testimony, Exhibits, and Other Evidence

Defendants generally move to exclude evidence that was not properly disclosed or designated. Plaintiffs state that no such evidence exists, and this portion of the motion is granted without prejudice. There are circumstances where new evidence is allowed, but before it may be admitted, the parties must raise the issue outside the presence of the jury.

4. Liability Insurance

Both parties agree that evidence related to liability insurance will not be admitted.

5. Evidence of Investigation

The parties have informed the Court that there is no such evidence. This portion of the motion is granted.

B. Plaintiffs' Motion in Limine [120]

Plaintiffs move to exclude various testimony developed during discovery depositions. The Court has reviewed the objected-to testimony, and it appears that some of the testimony would reveal collateral sources whereas other portions of the testimony address the reasonableness of the claimed medical bills. During the pretrial conference, the parties appeared to agree that the issues are somewhat intertwined and that an effort should be made to extract the testimony regarding insurance and collateral sources. Accordingly, the parties will address this motion when they present their deposition designations and objections. The motion is denied without prejudice to Plaintiffs' right to object to the testimony pursuant to the deadlines established during the pretrial conference.

III.   Conclusion

The Court has considered all the arguments. Those not specifically addressed would not change the result. Defendants' Motion in Limine [117] is granted in part and denied in part, and Plaintiffs' Motion in Limine [120] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 7th day of February, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE