UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLORETTE ANCAR and
LEONARD JOSEPH ANCAR, JR.,                                                    PLAINTIFFS

v.                                                        CIVIL ACTION NO. 3:11-cv-595-DPJ-FKB

LEROY BROWN, JR. and
TNE TRUCKING, INC,                                                            DEFENDANTS

ORDER

This negligence action is before the Court on Defendants' Motion to Limit the Testimony of Certain Experts [104].  The Court, having considered the memoranda and submissions of the parties, finds that Defendants' motion should be granted in part and denied in part.

I.      Facts and Procedural History

This case arises from a February 14, 2011 traffic accident on Interstate Highway 20. Defendant Leroy Brown was driving a tractor-trailer eastbound and veered off the road after apparently falling asleep.  Plaintiffs Clorette and Leonard Joseph Ancar were traveling westbound and purportedly reacted when they saw Brown.  Though the two vehicles never collided, the Ancars swerved and struck the barrier in the median.

Plaintiffs allege that they both suffered injuries from the accident.  Their amended complaint alleges negligence, gross negligence, and recklessness against Defendant Brown and vicariously against his employer Defendant TNE Trucking, Inc.  In support of their claims, the Ancars designated economist Gerald Lee and life-care planner Nathaniel Fentress as experts. Defendants filed the instant motion to limit the testimony of both experts, arguing that their opinions are unreliable.

II.     Standard

The district court fulfills a gatekeeper function to exclude irrelevant or unreliable expert testimony. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589 & n.7 (1993). This function begins with Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Under Rule 702, the court should "make certain that an expert, whether basing testimony upon professional studies or personal experiences, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

Whether a proposed expert should be permitted to testify under Rule 702 "is case, and fact, specific." *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006) (citation omitted). Thus, the district court retains "'broad latitude' both in deciding how to determine whether an expert's testimony is reliable, and ultimately, whether the testimony is, in fact, reliable." *Id.* (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999)). "The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test." *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The gatekeeper function of the district court does not, however, replace trial on the merits. In performing this function, "the district court should approach its task 'with proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general

rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'" *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

III.   Analysis

   A.   Nathaniel Fentress

Fentress is a vocational rehabilitation specialist who submitted a life-care plan for Clorette Ancar.  In that plan, Fentress recommends lifelong medication and physical therapy, a home-exercise program, a weight-loss program, and annual epidural-steroid injections.  Defendants argue that these recommendations lack a reliable foundation and are therefore inadmissible.

      1.   Medication

Defendants first take issue with Fentress's opinion regarding future medication. Fentress's life-care plan recommends Aleve, Advil or Tylenol four times a day; Celexa once a day; and Xanax once a day for the rest of her life.  That opinion finds some support in the record. With respect to the Celexa and Xanax, Dr. Howard Katz performed an IME and concluded that prescriptions for Celexa and Xanax "are reasonable."  Defs.' Mot. [104] Ex. F, IME Report.  As for the other medications in the report, Dr. Katz listed "Tylenol, Advil or Aleve" in the "Anticipated Future Medical Needs" section of his report.  *Id.*

Defendants argue that Fentress and Plaintiffs misconstrue Dr. Katz's opinion because Dr. Katz does not relate Mrs. Ancar's current condition to the accident.  But that is a disputed fact.

3

The treating physician, Dr. Alexis Waguespack, attributes Plaintiff's current condition to the accident as does Dr. Michael C. Molleston, who describes Dr. Katz's causation opinions as "inaccurate and unreasonable." Pls.' Resp. [106] Ex. H, Letter.  It is a matter of weight whether Dr. Katz's opinions regarding future needs are causally related to the accident.  Finally, additional support is found in Dr. Alexis Waguespack's March 2013 letter stating that Mrs. Ancar's "injuries . . . are permanent in nature and will more likely than not require future medical treatment for the rest of her life . . . includ[ing] medications." *Id.*, Ex. E, Letter.

Defendants' arguments are not without appeal, but they go to Fentress's interpretation of this evidence.  *See Daubert*, 509 U.S. at 596 (noting that "[v]igorous cross-examination" and other traditional safeguards are "appropriate means of attacking shaky but admissible evidence"). "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *14.38 Acres of Land*, 80 F.3d at 1077 (emphasis added) (internal quotations and citations omitted).  This portion of the motion is denied.

        2.        Physical Therapy

Defendants next argue that Fentress's recommendation of lifetime physical therapy does not have a reliable basis.  Plaintiffs point to Dr. Waguespack's March 2013 letter, which states that the injuries "will more likely than not require future medical treatment for the rest of her life . . . includ[ing] therapy." Pls.' Resp. [106] Ex. E, Letter.  Defendants respond that Dr. Waguespack's deposition testimony two months earlier in January 2013 indicates otherwise. Then, Dr. Waguespack testified that Mrs. Ancar had "ongoing physical therapy without any long-term improvement" and that she "probably discontinued the physical therapy." Defs.' Mot. [104]

Ex. E, Waguespack Dep. at 23.  Any inconsistency in Dr. Waguespack's recommendations goes to the weight of the evidence and not its admissibility.  *See Lyondell Chem. Co. v. Albemarle Corp.*, No. 1:01-CV-890, 2007 WL 5517247, at *3 (E.D. Tex. June 8, 2007) (denying motion to exclude allegedly inconsistent expert testimony because counsel would have opportunity for cross-examination).  Fentress's recommendation as to physical therapy is admissible.

        3.      Weight-Loss and Home-Exercise Programs

Fentress also recommends both weight-loss and home-exercise programs.  Defendants argue that this recommendation lacks a reliable basis and that any need for weight loss is not causally related to the accident at issue.  Plaintiffs fail to respond to Defendants' arguments regarding these recommendations.  The only mention of a home-exercise program is a statement by Dr. Katz that Mrs. Ancar needed it for her original back injury.  He also stated that she would benefit from weight reduction.  But there is no opinion from any of the doctors as to a future medical need for these programs.  There is no reliable basis in the record for an opinion that Mrs. Ancar will need weight-loss and home-exercise programs as a result of the accident.  Testimony as to these recommendations is inadmissible.

        4.      Epidural Steroid Injections

Defendants' last objection is to Fentress's recommendation that Mrs. Ancar receive one epidural steroid injection per year for the rest of her life.  Plaintiffs again point to Dr. Waguespack's March 2013 letter in which she states that "[Mrs.] Ancar . . . will more likely than not require future medical treatment for the rest of her life . . . includ[ing] . . . injections      . . . ."  Pls.' Resp. [106] Ex. E, Letter.  This is sufficient to admit the opinion which will be subject to

vigorous cross examination.  *See 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d at 1077.

      B.      Gerald Lee

Dr. Gerald Lee is an economist Plaintiffs designated to testify as to Mrs. Ancar's future medical costs and lost wages.  While Defendants accept Dr. Lee's qualifications, they moved to strike both opinions.

Starting with the future-lost-wages opinion, Dr. Lee provided two projections, one based on a 32% reduction and the other using a 100% reduction in Mrs. Ancar's future employment. Both estimates were provided by Plaintiffs' counsel, a basis Defendants deems insufficient. During the pretrial conference, Plaintiffs stated that Mrs. Ancar is fully employed and that Dr. Lee will not be required with respect to future-lost wages.  This portion of the motion is therefore granted.

Defendants also object to Dr. Lee's opinion on the present-value calculations of the treatments recommended by Fentress for the same reasons they objected to Fentress's opinions. Dr. Lee will be permitted to testify to the same extent as Fentress.  His opinion as to the values of the home-exercise and weight-loss programs are inadmissible because they lack a reliable basis and are not relevant.

IV.    Conclusion

The Court has considered all the arguments.  Those not specifically mentioned would not change the result.  For the foregoing reasons, Defendants' motion is granted in part and denied in part.

      **SO ORDERED AND ADJUDGED** this the 19th day of February, 2014.

                                           s/ *Daniel P. Jordan III*
                                           UNITED STATES DISTRICT JUDGE